STATE *versus* DAVID S. TOZIER *& al.*

It gives the prisoner, on his trial for larceny, no ground for exception, that the attorney for the State was allowed, against objection, to state in his argument, or, that the Court instructed the jury, that it was competent for the prisoner to avail himself of his former good character, if it existed, by proof of the fact; and, if he offered no such testimony, it was not competent for the government to show it was not good—if there was no intimation that an inference prejudicial to the accused should be drawn by the jury, from his omission to offer such testimony.

ON EXCEPTIONS to rulings of GOODENOW, J.

INDICTMENT against the respondents for larceny.

At the trial, the attorney for the State was permitted to argue to the jury, against the objection of the counsel for

the prisoners, that it was competent for them to avail themselves of their former good character, by introducing witnesses to show the fact, if it existed, and stated that it was not competent for the government to introduce witnesses to show that their former character had not been good, unless the prisoners first introduced evidence of their former good character. And the Court took the same view of the case in charging the jury.

The verdict being against the prisoners, they excepted.

*Greene*, in support of the exceptions, contended, that the presumption of law is, that the character of the accused was good, and that they were deprived of the benefit of this presumption at the trial.

*Drummond, Attorney General*, for the State, argued that the law as stated was undoubtedly correct, and that the question whether there is any presumption as to character was not raised by the exceptions.

Also, that there is no presumption at all, as to character, but if it is alleged to be good, this allegation must be *proved;* and he commented on the cases *State* v. *McAllister*, 24 Maine, 139, and *State* v. *Upham*, 33 Maine, 261.

The opinion of the Court was drawn up by

RICE, J. — The exceptions, as reported, do not bring this case in the line of the conflicting cases of *State* v. *McAllister*, 24 Maine, 139, or *State* v. *Upham*, 38 Maine, 261. The rule of law, as contended for by the attorney for the State, and approved by the Court, is undoubtedly correct. It does not appear that the attorney or the Court desired the jury to draw any inferences prejudicial to the prisoners, from the fact that they did not offer testimony of former good character. We, therefore, have no occasion, at this time, to review the cases above cited.

*Exceptions overruled.*
*Judgment on the verdict.*

TENNEY, C. J., MAY, GOODENOW, DAVIS and KENT, JJ., concurred.